# NO. 12-21-00214-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN THE MATTER OF J.S.,* | § | *APPEAL FROM THE* |
| | § | *COUNTY COURT AT LAW NO. 3* |
| *A JUVENILE* | § | *SMITH COUNTY, TEXAS* |

### MEMORANDUM OPINION
### PER CURIAM

J.S. appeals the trial court's order transferring him from the Texas Juvenile Justice Department (TJJD) to the Texas Department of Criminal Justice (TDCJ) to complete the remainder of his fifteen-year determinate sentence for delinquent conduct. J.S.'s counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969).[1] We affirm.

### BACKGROUND

On or about March 14, 2018, J.S. fired seven shots from a vehicle into the victim's residence. J.S. confessed to pulling the trigger, and an individual who was in the same car as J.S. testified that J.S. pulled the trigger to frighten the victim. A jury found that J.S. is a juvenile who engaged in delinquent conduct by committing the offense of aggravated assault with a deadly weapon, and in accordance with the jury's verdict, the trial court found that J.S. was a juvenile who engaged in delinquent conduct by committing the offense of aggravated assault with a deadly weapon. The trial then proceeded to the disposition phase, and in accordance with the jury's imposition of a determinate sentence of fifteen years, the trial court imposed a determinate sentence of fifteen years on November 15, 2018. J.S. did not appeal at that time.

---

[1] *See* *In re D.A.S.*, 973 S.W.2d 296, 299 (Tex. 1998) (orig. proceeding) (holding that *Anders* procedures apply to juvenile matters).

On September 30, 2021, TJJD requested that J.S. be transferred to TDCJ. After conducting an evidentiary hearing, the trial court ordered that J.S. be transferred to TDCJ to serve the remainder of his determinate sentence. This appeal followed.

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

J.S.'s counsel filed a brief in compliance with **Anders** and **Gainous**, stating that he has diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. From our review of counsel's brief, it is apparent that counsel is well acquainted with the facts in this case. In compliance with **Anders**, **Gainous**, and **High v. State**, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978), counsel's brief presents a chronological summation of the procedural history of the case, and further states that counsel is unable to raise any arguable issues for appeal.[2]  We have considered counsel's brief and conducted our own independent review of the appellate record. We found no reversible error.  *See **Bledsoe v. State***, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).  Accordingly, we conclude that the appeal is wholly frivolous.

## CONCLUSION

Appellant's counsel filed a motion to withdraw. *See **In re Schulman***, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We carried the motion with the case for consideration on the merits. However, despite our having found no reversible error, we ***deny*** counsel's request to withdraw. *See **In re P.M.***, 520 S.W.3d 24, 27-28 (Tex. 2016). The Texas Supreme Court has held that the right to counsel in suits seeking the termination of parental rights extends to "all proceedings in [the Texas Supreme Court], including the filing of a petition for review." ***Id***. at 27. After disposition by the Court of Appeals, an appeal in a juvenile matter is made to the Texas Supreme Court. *See* TEX. FAM. CODE ANN. § 56.01(a), (c)(2) (West 2022). Accordingly, applying ***In re P.M.*** to the circumstances of this case, we conclude that counsel has not yet discharged his obligation to Appellant. *See **In re P.M.***, 520 S.W.3d at 27. If, after consulting with counsel, Appellant wishes to file a petition for review, counsel should timely file with the Texas Supreme Court "a petition for review that satisfies the standards for an ***Anders***

---

[2] J.S.'s counsel has certified that he provided J.S. with a copy of this brief. J.S. was given time to file his own brief in this cause.  The time for filing such a brief has expired, and we have not received a pro se brief.

brief." ***In re P.M.***, 520 S.W.3d at 28; *cf*. ***A.C. v. Tex. Dep't of Family & Protective Servs.***, No. 03-16-00543-CV, 2016 WL 5874880, at *1 n.2 (Tex. App.—Austin Oct. 5, 2016, no pet.) (mem. op.). We ***affirm*** the trial court's judgment. *See* TEX. R. APP. P. 43.2(a).

Opinion delivered July 29, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JULY 29, 2022**

**NO. 12-21-00214-CV**

**IN THE MATTER OF J. S., A JUVENILE**

Appeal from the County Court at Law No 3
of Smith County, Texas (Tr.Ct.No. 003-0216-18)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*